# In re G-Y-R-, Respondent

*Decided October 19, 2001*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) When an alien fails to appear at removal proceedings for which notice of the hearing was served by mail, an in absentia order may only be entered where the alien has received, or can be charged with receiving, a Notice to Appear (Form I-862) informing the alien of the statutory address obligations associated with removal proceedings and of the consequences of failing to provide a current address, pursuant to section 239(a)(1)(F) of the Immigration and Nationality Act, 8 U.S.C. § 1229(a)(1)(F) (Supp. V 1999).

(2) Entry of an in absentia order of removal is inappropriate where the record reflects that the alien did not receive, or could not be charged with receiving, the Notice to Appear that was served by certified mail at an address obtained from documents filed with the Immigration and Naturalization Service several years earlier.

Pro se

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Kimberley Joy Shepherd, Assistant District Counsel

BEFORE:   Board En Banc:  SCIALABBA, Acting Chairman; DUNNE, Vice Chairman; SCHMIDT, HOLMES, HURWITZ, VILLAGELIU, FILPPU, GUENDELSBERGER, MATHON, ROSENBERG, GRANT, MOSCATO, MILLER, BRENNAN, ESPENOZA, OSUNA, and OHLSON, Board Members. Dissenting Opinion: JONES, Board Member, joined by COLE, Board Member.[1]

FILPPU, Board Member:

The Immigration and Naturalization Service appeals from the September 30, 1997, decision of the Immigration Judge to terminate proceedings. The appeal will be dismissed.

---

[1]  Board Members Frederick D. Hess and Roger Pauley did not participate in the decision in this case.

## I.  BACKGROUND

The respondent, a native and citizen of El Salvador, entered the United States without inspection on March 21, 1982, and 2 months later filed a Request for Asylum in the United States (Form I-589) with the Service.[2]  On June 22, 1991, the respondent submitted an Alien Address Report Card (Form I-104), updating her address with the Service.

On an undisclosed date in 1997, the Service mailed an appointment notice to the respondent for an asylum interview on July 2, 1997.  That notice was mailed to the address provided by the respondent in 1991, but we do not know whether she actually received it.  The respondent did not appear for her scheduled interview.

On July 7, 1997, the Service sent to the respondent, by certified mail to that same address, a Notice to Appear (Form I-862) for a removal hearing scheduled for September 30, 1997.  We understand from the Service's brief that the respondent did not receive the Notice to Appear because it was returned to the Service by the Postal Service.

When the respondent did not appear for her hearing, the Service moved to proceed with the hearing in absentia.  The Immigration Judge offered to administratively close proceedings to allow the Service time to serve the respondent again, but the Service elected to proceed on the record.  Noting the long delay by the Service in acting upon the respondent's asylum application, the Immigration Judge was not satisfied that the respondent was aware of the removal proceedings, "thereby initiating the requirement that she keep the Court and Service informed of an address or bear the consequences for failure to do so."  The Immigration Judge terminated proceedings without prejudice.  The Immigration Judge's order was thereafter sent by certified mail to the same address as that on the Notice to Appear, and that mailing was returned to the Immigration Court with the annotation "Moved Left No Address."

On appeal, the Service contends that the Immigration Judge should not have terminated proceedings but should have instead ordered the respondent removed in absentia.  The Service argues that proper notice of proceedings was effected through "attempted delivery to the last address provided by the alien" pursuant to section 239(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229(a) (Supp. V 1999).  The Service also asserts that section 265 of the Act, 8 U.S.C. § 1305 (1994), places an affirmative duty on the respondent to keep the

---

[2] On appeal, the Service states that the respondent became a class member under *American Baptist Churches v. Thornburgh*, 760 F. Supp. 796 (N.D. Cal. 1991), and registered for benefits pursuant to the settlement agreement in that case. We note, too, that the respondent is the beneficiary of a visa petition that was filed by her husband and approved by the Service on December 26, 1990.

Attorney General apprised of her whereabouts or face certain consequences under section 266 of the Act, 8 U.S.C. § 1306 (1994 & Supp. V 1999).

The respondent has not replied to the Service's appeal.  It appears that she is unaware of these proceedings.

Thus, in this case, we know that the Notice to Appear was not personally served on the respondent but was sent to her by certified mail.  We also know that the respondent did not receive the Notice to Appear because the certified mailing was returned.  Further, we know that the respondent did not receive any notice of the hearing because the Notice to Appear contained her first and only notice of the date, time, and place of her removal hearing.

## II.  ISSUE

The issue is whether an Immigration Judge may order an alien removed in absentia when the Service mails the Notice to Appear to the last address it has for an alien, but the record reflects that the alien did not receive the Notice to Appear, and the notice of hearing it contains, and therefore has never been notified of the initiation of removal proceedings or the alien's address obligations under section 239(a)(1) of the Act.

This question can best be answered by a careful reading of the pertinent statutory provisions—specifically, sections 239(a) and (c) and 240(b)(5) of the Act, 8 U.S.C. §§ 1229(a) and (c) and 1229a(b)(5) (Supp. V 1999).  We understand these interrelated provisions collectively to preclude the entry of an in absentia order of removal when the alien has not received the Notice to Appear and thus does not know of the particular address obligations associated with removal proceedings.

## III.  THE NOTICE TO APPEAR

### A.  Initiation of Proceedings

Removal proceedings are initiated when an alien is provided notice of proceedings through the service of a Notice to Appear.  Section 239(a)(1) of the Act.  The contents of the Notice to Appear are carefully prescribed in section 239(a)(1) of the Act, which provides as follows:

> In removal proceedings under section 240, written notice (in this section referred to as a "notice to appear") shall be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any) specifying the following:
>
> (A)  The nature of the proceedings against the alien.
>
> (B)  The legal authority under which the proceedings are conducted.

(C)  The acts or conduct alleged to be in violation of law.

(D)  The charges against the alien and the statutory provisions alleged to have been violated.

(E)  The alien may be represented by counsel and the alien will be provided (i) a period of time to secure counsel under subsection (b)(1) of this section and (ii) a current list of counsel prepared under subsection (b)(2) of this section.

*(F)  (i) The requirement that the alien must immediately provide (or have provided) the Attorney General with a written record of an address and telephone number (if any) at which the alien may be contacted respecting proceedings under section 240.*

*(ii) The requirement that the alien must provide the Attorney General immediately with a written record of any change of the alien's address or telephone number.*

*(iii) The consequences under section 240(b)(5) of failure to provide address and telephone information pursuant to this subparagraph.*

(G) (i) The time and place at which the proceedings will be held.

(ii) The consequences under section 240(b)(5) of the failure, except under exceptional circumstances, to appear at such proceedings.  (Emphasis added.)

Thus, as indicated by subparagraph (F)(i), the Notice to Appear apprises the alien that he or she has a particular address obligation respecting removal proceedings:  the necessity of providing an address "at which the alien may be contacted respecting proceedings under section 240."  As indicated by subparagraph (F)(iii), the Notice to Appear also warns the alien of the potential for an in absentia order if the alien fails to provide address information as instructed by the Notice to Appear—i.e., "[t]he consequences under section 240(b)(5) [the in absentia provisions] of failure to provide address and telephone information pursuant to this subparagraph."

## B.  Means of Service

The alien must be properly served with the Notice to Appear before the particular address obligations of removal proceedings are fixed and the Immigration Judge is authorized to proceed in absentia.  In the past, proceedings could be initiated by a notice of proceedings that was personally served on the alien or was sent by certified mail.  *See* section 242B(a)(1) of the Act, 8 U.S.C. § 1252b(a)(1) (1994).  In fact, notice was deemed sufficient if the alien could be charged with having received the certified mailing.  *See Matter of Grijalva*, 21 I&N Dec. 27, 32 (BIA 1995) (allowing an alien to be charged with receipt when the certified mail receipt has been signed "'by the respondent or a

responsible person at the respondent's address'" (quoting *Matter of Huete*, 20 I&N Dec. 250, 253 (BIA 1991))).  The certified mail requirement has been removed, and the statute now simply permits "service by mail" if personal service is "not practicable."  Section 239(a)(1) of the Act.

However, if the alien does not actually receive the mailing, as is the case before us, the statute specifies that the sufficiency of service will depend on whether there is "proof of attempted delivery to the last address provided by the alien *in accordance with subsection (a)(1)(F).*"  Section 239(c) of the Act (emphasis added).  Thus, in cases where the alien does not get the mailing, only the use of an address that satisfies section 239(a)(1)(F) of the Act will suffice for the initiation of proceedings.

## C.  In Absentia Proceedings

If an alien fails to appear after he or she has received a notice of hearing—whether it is the notice of hearing contained in the Notice to Appear or a subsequent hearing notice—the Immigration Judge may proceed in absentia. The specific authorization for doing so is found in section 240(b)(5) of the Act, which provides as follows:

> CONSEQUENCES OF FAILURE TO APPEAR. —
>
> (A) IN GENERAL.—Any alien who, after written notice required under paragraph (1) or (2) of section 239(a) has been provided to the alien or the alien's counsel of record, does not attend a proceeding under this section, shall be ordered removed in absentia if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable (as defined in subsection (e)(2) of this section).  The written notice by the Attorney General shall be considered sufficient for purposes of this subparagraph *if provided at the most recent address provided under section 239(a)(1)(F).*
>
> (B) NO NOTICE IF FAILURE TO PROVIDE ADDRESS INFORMATION.—No written notice shall be required under subparagraph (A) *if the alien has failed to provide the address required under section 239(a)(1)(F).*  (Emphasis added.)

Thus, in cases where the hearing notice is sent by mail, the entry of an in absentia order is authorized when the alien has been given written notice of the removal hearing "at the most recent address provided under section 239(a)(1)(F)."  Section 240(b)(5) of the Act.

Therefore, the critical question for in absentia cases involving mailed notice is whether the notice is mailed to an address that qualifies as an "address provided under section 239(a)(1)(F)."  If an address does not, then the Immigration Judge may not enter an in absentia order of removal because the statutory notice requirement has not been satisfied.

## IV.  A "SECTION 239(a)(1)(F)" ADDRESS

In this instance, the Service sent the respondent's Notice to Appear by certified mail to the most recent address it had on file—an address that she provided on a change of address form in 1991, 6 years before the Service attempted to place her in proceedings.  The Service has offered proof that it attempted to deliver the Notice to Appear to that address.

The question is whether the address used by the Service to mail the Notice to Appear and notice of hearing equates to "the last address provided by the alien in accordance with subsection (a)(1)(F)," as required for the initiation of proceedings under section 239(c) of the Act, or "the most recent address provided under section 239(a)(1)(F)," as required for the entry of an in absentia removal order under section 240(b)(5)(A) of the Act.  The sufficiency of notice therefore rests squarely on what constitutes a section 239(a)(1)(F) address.

### A.  Actual Notice and Section 239(a)(1)(F)

Due process requires that the alien be provided with notice of proceedings and an opportunity to be heard.  *Landon v. Plasencia*, 459 U.S. 21, 32-33 (1982); *Bridges v. Wixon*, 326 U.S. 135, 154 (1945); *Kaoru Yamataya v. Fisher*, 189 U.S. 86, 101 (1903).  It is therefore critical that notice be reasonably calculated to apprise the alien of his or her scheduled hearing and the immigration charges levied by the Service.  *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

As a general matter, actual notice will always suffice.  *See, e.g.*, *Matter of Pence*, 905 F.2d 1107, 1109 (7th Cir.1990).  Consequently, if an alien actually receives a Notice to Appear that is mailed to a section 239(a)(1) address, such as an address from any form filed with the Service, the alien will be put on actual notice of the proceedings, including notice of the obligation to keep the Attorney General informed of any address changes and of the in absentia consequences for failing to do so.  Thus, an address taken from an asylum application or a change of address form that accomplishes actual delivery of the Notice to Appear qualifies as a "section 239(a)(1)(F)" address because the alien will actually *be* informed of the initiation of removal proceedings and the rights and obligations that attach.  In the terms of the statute, the alien will "have provided" an address at which he or she can be "contacted respecting proceedings" if any earlier provided address was effective for receiving the Notice to Appear and the alien has not provided any written record of an address change.  Section 239(a)(1)(F)(i) of the Act.

### B.  Constructive Notice and Section 239(a)(1)(F)

This case, however, does not involve actual notice of proceedings.  Rather, it involves constructive notice in the form of *undelivered* written notice.  The

sufficiency of constructive notice depends on whether the notice comports with the requirements of the applicable statute and the expectations of due process. *See generally Mullane v. Central Hanvover Bank & Trust Co.*, *supra*; *San Augustine County, Tex. v. Cameron County Water Imp. Dist. No. 10*, 202 F.2d 932, 934 (5th Cir. 1953).

The statute allows a hearing to be conducted in absentia, but only when the alien was sent written notice "at the most recent address provided under section 239(a)(1)(F)." Section 240(b)(5)(A) of the Act. The literal language of this provision requires that the address be one provided both by the alien and "under section 239(a)(1)(F)."[3] *Id.* As we understand the in absentia provisions in section 240(b)(5)(A), when read in light of section 239(a)(1)(F) itself, the alien cannot provide a "section 239(a)(1)(F)" address (or "have provided" it and therefore not need to change it) unless the alien has been advised to do so.

In this regard, it is section 239(a)(1)(F) itself that requires the Notice to Appear to inform the alien of the particular address obligations associated with removal proceedings. Section 239(a)(1)(F)(i) of the Act. Section 239(a)(1)(F) mandates that the Notice to Appear also inform the alien of the in absentia consequences of failing to comply with those address requirements. Section 239(a)(1)(F)(iii) of the Act. Together, these provisions lead to the conclusion that an address does not become a section 239(a)(1)(F) address *unless* the alien receives the warnings and advisals contained in the Notice to Appear. This conclusion is reinforced by the parallel language of section 239(c), which permits service by mail when the address used is "provided by the alien in accordance with subsection (a)(1)(F)." Section 239(c) of the Act. Simply put, an alien cannot be expected to provide an address "under" or "in accordance with" section 239(a)(1)(F) until the alien has been informed of the particular address obligations contained in section 239(a)(1)(F) itself.

Accordingly, we find that an address can be a section 239(a)(1)(F) address *only* if the alien has first been informed of the particular statutory address obligations associated with removal proceedings and of the consequences of failing to provide a current address. Because that information is first communicated in the Notice to Appear, the alien must receive the Notice to Appear before he or she can "provide" an address in accordance with section 239(a)(1)(F) of the Act. In cases where the Service uses the mail to deliver the Notice to Appear to the alien, the "last address" or the "most recent address"

---

[3] We look to the precise language of the statute to construe its meaning. *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 (1984). We do not deem it necessary to resort to legislative history, but note nonetheless that the legislative history behind sections 239 and 240 of the Act does not provide meaningful guidance here because the explanatory material simply paraphrases the language that appears in the statute today. *See* H.R. Conf. Rep. No. 104-828 (1996), *available in* 1996 WL 563320; H.R. Rep. No. 104-469(I) (1996), *available in* 1996 WL 168955.

provided by the alien "in accordance with subsection (a)(1)(F)" will necessarily be an address arising from the alien's receipt of the advisals contained in the Notice to Appear.

Once the advisals in the Notice to Appear are conveyed, serious consequences attach to an in absentia order of removal, and the avenues for relief are extremely limited. *See* section 240(b)(7) of the Act. Once proceedings have commenced, the alien must attend all scheduled hearings before the Immigration Judge, unless excused by the Immigration Judge. *See* 8 C.F.R. § 3.25(a) (2001). If the alien fails to appear for a scheduled hearing, the Immigration Judge may proceed with the hearing in the alien's absence and order the alien removed in absentia. Accordingly, the statutory notice requirements are precise and require assiduous attention. *See United States v. Perez-Valdera*, 899 F. Supp. 181, 185 (S.D.N.Y. 1995) (noting that Congress strengthened the notice requirements in recognition of the severity of the consequences of an in absentia order). In fact, special allowances are made when an alien has a meritorious challenge to the adequacy of notice. *See* section 240(b)(5)(C) of the Act (exempting motions to reopen from the 180-day time limit when contesting an in absentia removal order on notice grounds).[4]

## C. Section 239(a)(1)(F) in This Instance

In this instance, the Notice to Appear never reached the respondent, and the advisals were never conveyed. The Service argues that the failure of the Notice to Appear to reach the respondent does not mean the respondent lacked proper notice of proceedings. Rather, the Service maintains that the mailing of the Notice to Appear to the last address provided by the alien satisfies the statutory notice requirements. Moreover, it argues that the alien should be held accountable for the mail not reaching her because she was aware of her address obligations vis-à-vis the Service and, by implication, invited defective notice of proceedings when she failed to keep her address information current.

However, a section 239(a)(1)(F) address is an address where an alien can be "contacted respecting proceedings under section 240." Section 239(a)(1)(F)(i) of the Act. The Notice to Appear concerns the alien's particular address obligations regarding removal proceedings. Unless the respondent is chargeable with having received the Notice to Appear and any notice of hearing contained

---

[4]  The dissent identifies potential abuses that could arise under the statute. But the dissent never explains how an address can be an address provided "under" or "in accordance with" section 239(a)(1)(F) of the Act when that address was only given to the Service years in advance of removal proceedings; nor does the dissent attempt to reconcile all of the relevant statutory provisions at issue here.

therein, she has not been placed on notice of proceedings or on notice of the date, time, and location of the removal hearing.

As we read the statute, its intent is to accomplish actual notice. In those instances where actual notice is not accomplished, the statute will permit constructive notice when the alien is aware of the particular address obligations of removal proceedings and then fails to provide an address for receiving notices of hearing. Under the Service's reading of the statute, however, no attempt at actual notice is ever necessary. The alien's address need not be current or even extant; it may even predate the legislative developments that created today's in absentia consequences. In other words, according to the Service, the notice requirements of the Act are satisfied *whenever* the Service uses the alien's last known address—no matter how old, incomplete, or obviously inadequate that address may be.

We do not agree. Simply mailing the Notice to Appear to an address authorized under section 239(a)(1) does not automatically convert the alien's last known address into a section 239(a)(1)(F) address. While the statute may permit the regular mailing of the Notice to Appear to the last known address, the "(a)(1)" address so to speak, the statute does not authorize the entry of an in absentia order unless the advisals in the Notice to Appear are properly conveyed, at which time the address will have become an "(a)(1)(F)" address. In short, the notice requirement leading to an in absentia order cannot be satisfied by mailing the Notice to Appear to the last known address of the alien *when the alien does not receive the mailing*. Again, the "last address" or the "most recent address" provided by the alien "in accordance with" or "under" subsection (a)(1)(F) must be an address consequent to the alien's being put on notice of the particular address obligations contained in the Notice to Appear.

This does not mean, of course, that the alien must personally receive, read, and understand the Notice to Appear for the notice requirements to be satisfied. An alien can, in certain circumstances, be properly charged with receiving notice, even though he or she did not personally see the mailed document. If, for example, the Notice to Appear reaches the correct address but does not reach the alien through some failure in the internal workings of the household, the alien can be charged with receiving proper notice, and proper service will have been effected. *See Matter of Grijalva*, *supra*; *Matter of Huete*, *supra*. However, if we know that the Notice to Appear did not reach the alien and that the alien cannot be properly charged with receiving it, then the mailing address does not qualify as a "section 239(a)(1)(F)" address. In turn, if the mailing address does not qualify as a section 239(a)(1)(F) address, then an in absentia order predicated on mailed notice to that address may not ensue.

In summary, the Service may either serve the Notice to Appear and its notice of hearing by personal service or by mail. When the Service elects to serve by mail, the statute permits the Notice to Appear to be mailed to the last address the Service has on file for the alien. If the alien actually receives or can be

charged with receiving that mailed notice, then the address used by the Service qualifies as a section 239(a)(1)(F) address, and in absentia proceedings are thereafter authorized. If, however, we know that the alien did not receive the Notice to Appear and the notice of hearing it contains, then the alien cannot be on notice of either removal proceedings or the address obligations particular to removal proceedings. In that instance, the address used by the Service cannot qualify as a section 239(a)(1)(F) address, and the entry of an in absentia order is precluded. Thus, we find that when the pertinent provisions are read together, the statute requires that the alien receive (or be charged with receiving) the Notice to Appear containing the notice of hearing *before* an in absentia order of removal may be entered.

## V. REGISTRATION

The Service correctly points out that the respondent has an obligation to provide the Service with a current address pursuant to the registration requirements of the Act. Virtually every alien in the United States is under an affirmative obligation to report address changes to the Attorney General, regardless of immigration status or circumstances. Section 265(a) of the Act. All aliens who remain in the United States for more than 30 days have a duty to register with the Attorney General, unless they have been expressly exempted from the requirement. Section 262 of the Act, 8 U.S.C. § 1302 (1994). If registered, the alien has a duty to keep the Attorney General apprised of any address changes. Section 265(a) of the Act. The only aliens who are usually exempt from registration are nonimmigrant representatives of foreign countries and the staff of international organizations. *See* section 221(b) of the Act, 8 U.S.C. § 1201(b) (1994).

The statutory consequences of failing to report an address change as required by section 265(a) include a possible misdemeanor conviction, with a potential fine of up to $200 and not more than 30 days' imprisonment, and placement into removal proceedings pursuant to chapter 4 of Title 8 of the United States Code. *See* section 266(b) of the Act. These penalties are not imposed, however, if the alien can demonstrate that the failure to keep his or her address current "was reasonably excusable or was not willful." *Id*.; *see also* section 237(a)(3)(A) of the Act, 8 U.S.C. § 1227(a)(3)(A) (Supp. V 1999).

Although the failure to comply with section 265 and its surrounding provisions may incur various penalties, the entry of an in absentia order of removal is not one of them. In absentia orders arise from, and are governed by, section 240(b)(5) of the Act. It is that provision, not any of the registration provisions, that contains the requirements and the legal authority for the entry of an in absentia order of removal. We therefore find that the registration provisions do not authorize the issuance of an in absentia order of removal as a consequence of their violation.

## VI.  REGULATORY ADDRESS OBLIGATIONS

Finally, we observe that the regulations are consistent with our reading of the statute.

The regulations at 8 C.F.R. § 3.15 (2001) require that the Notice to Appear provide as follows:

> A statement that the alien must advise the Immigration Court having administrative control over the Record of Proceeding of his or her current address and telephone number and a statement that failure to provide such information may result in an *in absentia* hearing in accordance with § 3.26.

8 C.F.R. § 3.15(b)(7).  That regulation also specifies the alien's address obligations to the Immigration Court as follows:

> If the alien's address is not provided on the Order to Show Cause or Notice to Appear, or if the address on the Order to Show Cause or Notice to Appear is incorrect, the alien must provide to the Immigration Court where the charging document has been filed, within five days of service of that document, a written notice of an address and telephone number at which the alien can be contacted.

8 C.F.R. § 3.15(d)(1).  In turn, 8 C.F.R. § 3.26 (2001), which pertains to in absentia proceedings, specifically provides that an Immigration Judge may enter an in absentia order in removal proceedings when the following conditions are satisfied:

> The Service establishes by clear, unequivocal, and convincing evidence that written notice of the time and place of proceedings and written notice of the consequences of failure to appear were provided to the alien or the alien's counsel of record.

8 C.F.R. § 3.26(c)(2).  The regulations further provide as follows:

> Written notice to the alien shall be considered sufficient for purposes of this section if it was provided at the most recent address provided by the alien. If the respondent fails to provide his or her address as required under § 3.15(d), no written notice shall be required for an Immigration Judge to proceed with an *in absentia* hearing.

8 C.F.R. § 3.26(d).

We understand the regulations to derive from and to track the language of the statute.  *See* Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10,312, 10,322 (1997) (noting that the regulations pertaining to section 240 of the Act "follow exactly the requirements of the Act"). We find the regulations to be consistent with the statute and our reading of it.  Thus, the

regulations, like the Act, do not authorize the entry of an in absentia removal order unless the alien is properly charged with having received notice at an address that qualifies as a section 239(a)(1)(F) address.

## VII.  CONCLUSION

In this case, the Notice to Appear was mailed to an address that was provided before the respondent was placed in removal proceedings, before she was apprised of the particular address obligations pertaining to removal proceedings, and before she was advised of the charges against her or the in absentia consequences of failing to keep her address information current for removal hearing purposes.  The record clearly reflects that the Notice to Appear never reached the respondent.  We therefore know that she did not receive the advisals contained therein.

Based on the pertinent statutory provisions, we find that an Immigration Judge may not order an alien removed in absentia when the Service mails the Notice to Appear to the last address it has on file for an alien, but the record reflects that the alien did not receive the Notice to Appear, and the notice of hearing it contains, and therefore has never been notified of the initiation of removal proceedings or the alien's address obligations under section 239(a)(1) of the Act.  Because, in this instance, the Service did not establish that the respondent received or can be charged with receiving that notice, the Immigration Judge could not have proceeded in absentia.  It was therefore proper for the Immigration Judge to terminate proceedings.

**ORDER:**  The appeal of the Immigration and Naturalization Service is dismissed.


*DISSENTING OPINION:*  Philemina McNeill Jones, Board Member, in which Patricia A. Cole, Board Member, joined

I respectfully dissent.

I find problems in both the majority's interpretation and its implementation of the notice provisions in the Immigration and Nationality Act.  For the reasons set forth below, I would sustain the Immigration and Naturalization Service's appeal and remand proceedings to the Immigration Judge for the entry of an in absentia order of removal.

According to the majority, sections 239(a)(1)(F) and 240(b)(5) of the Act, 8 U.S.C. §§ 1229(a)(1)(F) and 1229a(b)(5) (Supp. V 1999), permit the Service to mail the Notice to Appear (Form I-862) to the alien's last known address. However, that address may be inadequate for the Immigration Judge to proceed with removal proceedings in absentia.  I disagree with this reading of the statute.

It is well established that we must "'give effect, if possible, to every clause and word of a statute.'" *United States v. Menasche*, 348 U.S. 528, 538-39 (1955) (quoting *Inhabitants of Montclair Township v. Ramsdell*, 107 U.S. 147, 152 (1883)); *see also Walters v. Metro. Educ. Enters., Inc.*, 519 U.S. 202, 209 (1997) (stating that a statute "must be interpreted, if possible, to give each word some operative effect"); *Market Co. v. Hoffman*, 101 U.S. 112, 115-16 (1879) (opining that, to the degree possible, no clause, sentence, or word in a statute should be construed as superfluous, void, or insignificant). In this instance, the Act provides the following:

> In removal proceedings under section 240, written notice (in this section referred to as a "notice to appear") shall be given in person to the alien (or, if personal service is not practicable, *through service by mail* to the alien or to the alien's counsel of record, if any) . . . .

Section 239(a)(1) of the Act (emphasis added). Because personal service is not practicable in most cases, the Service is authorized by statute to send the Notice to Appear by *regular* mail.

If we accept the majority's reading of section 239(a)(1), the use of regular mail is so impractical that it is, in effect, read out of the Act. According to the majority, the Immigration Judge may proceed in absentia only where the record reflects that the alien has actually received the Notice to Appear or can be "charged with" receiving it. However, regular mail can establish neither actual nor constructive notice because, unlike certified mail or other means of mail delivery, it does not generate a signed receipt or other evidence of receipt. *Cf. Matter of Grijalva*, 21 I&N Dec. 27 (BIA 1995). Thus, in the vast majority of cases, the only way in which an Immigration Judge will ever know that the alien received a notice of hearing is if the alien actually appears for the hearing.

Under the majority's reading of the statute, the Service would be ill-advised to rely on the regular mail to initiate proceedings. If the Service uses regular mail, it conveys virtual control over the initiation of proceedings to the alien. To avoid a removal hearing, the alien need only ignore the Notice to Appear when it comes in the mail and, should it ever become necessary, simply deny that it was ever received at his or her address. Alternatively, the alien can simply change his or her residence and/or not report an address change to the Service, knowing that he or she is untraceable for purposes of receiving the Notice to Appear. As the majority has pointed out, few consequences attach for failing to report address changes to the Service and an alien who wishes to delay or even elude proceedings can easily do so. I find it completely incongruous to conclude that Congress intended both to permit and to eviscerate the use of regular mail to initiate removal proceedings.

Moreover, if regular mail is ineffectual, the statutory notice provisions become unwieldy. The majority strains to interpret other provisions that presume regular mail will suffice. In particular, section 239(a)(1)(F) of the Act

has a requirement "that the alien must immediately provide (or have provided) the Attorney General with a written record of an address and telephone number (if any) at which the alien may be contacted respecting proceedings under section 240."

The majority's reading of this language creates a paradox: how can an alien "have provided" an address to the Immigration Court *before* he or she has been told to provide one? The only way the alien can provide an address to the Immigration Court prior to proceedings is by providing an address to the Service, with the Service in turn providing it to the Immigration Court via the Notice to Appear. The majority's post facto validation of the address on the Notice to Appear is a forced and impractical reading of the statute, especially when the language of section 239(c) of the Act specifies that *attempted* delivery by regular mail to the alien's last known address is sufficient notice.

I find that the statute permits—even intends—that removal proceedings be initiated through the mailing of a Notice to Appear by regular mail. Once the Service mails the Notice to Appear to the "most recent address" provided by the alien, under section 239(a)(1)(F) of the Act, an Immigration Judge can order an alien removed in absentia. Section 240(b)(5) of the Act; *cf.* 8 C.F.R. §§ 3.26(c)(2), (d) (2001). If the last address provided by the alien is inadequate, it is incumbent on the alien to provide a better one or forfeit the right to notice. Section 240(b)(5)(B) of the Act.

If the Service cannot rely on the last address provided by the alien, then the in absentia provisions of the Act are applicable *only* to those cases in which the alien shows up for the hearing or otherwise concedes receipt of the Notice to Appear. Narrowly applying the in absentia provisions to this class of cases undermines the very efficacy of those provisions. In fact, the majority here places the Service in the untenable position of relying on an address that, almost by definition, is not reliable. In the end, the Service will have no choice but to resort to certified mail, a requirement that Congress purposefully removed from the statute. *See* the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, § 304, 110 Stat. 3009-546, 3009-587.

Ultimately, the majority's decision undermines the enforceability of the Act's in absentia provisions. I find the majority's holding to be at odds with the plain language of the statute and incompatible with any effort to create an effective immigration court system.

Accordingly, I would sustain the Service's appeal.