NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0458n.06
Filed: June 2, 2005

Case No. 04-3341

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **KHADER QUMSIEH** | ) | |
| | ) | |
| **Petitioner,** | ) | **ON REVIEW FROM THE** |
| | ) | **BOARD OF IMMIGRATION** |
| **v.** | ) | **APPEALS** |
| | ) | |
| **JOHN ASHCROFT, Attorney** | ) | |
| **General,** | ) | |
| | ) | |
| **Respondent.** | ) | |


BEFORE:    KENNEDY and COOK, Circuit Judges; and VARLAN, District Judge[1]


VARLAN, District Judge.  Petitioner Khader Qumsieh is a citizen of Jordan

who was paroled into the United States on May 14, 1993.  On June 19, 2000, the Immigration

and Naturalization Service ("INS")[2] mailed a Notice to Appear ("NTA") to petitioner and his

former counsel alleging that he was ineligible for admission to the United States.  Petitioner

claims that he did not receive either the NTA or a July 5, 2000 notice of hearing because both

---

[1]The Honorable Thomas A. Varlan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

[2]On March 1, 2003, the INS was dissolved and its various functions transferred to three agencies within the Department of Homeland Security ("DHS"). The Board of Immigration Appeals and the Immigration Court remain part of the Department of Justice.  Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002).

documents were sent to the wrong address. Petitioner failed to appear for a hearing at the Immigration Court on November 21, 2000 and was ordered to be removed *in absentia*. Nearly two years later, petitioner filed a motion to re-open his proceedings before the Immigration Court. The Immigration Judge denied petitioner's motion to re-open and petitioner timely appealed to the Board of Immigration Appeals ("BIA"). The BIA dismissed petitioner's appeal and concluded that the Immigration Court properly sent the notice of hearing to the address last known to the Immigration Court.

On appeal, the petitioner argues that the BIA erred by not rescinding the *in absentia* removal order because the record demonstrates that he was not notified of the removal hearing. For the reasons set forth below, we **REVERSE** the decision of the Board of Immigration Appeals and **REMAND** the case to the Immigration Court.

I.

Petitioner, a native and citizen of Jordan, was paroled into the United States on May 14, 1993. His listed address at the time of his application for travel was 2197 E. Bristol Road, Burton, Michigan 48529. Petitioner's asylum request was denied on March 6, 1997, and the notice was sent to the Bristol Road address. The notice required petitioner to report any address changes to the agency. Petitioner filed an application for an Employment Authorization Document ("EAD") on March 3, 1999, and he was advised in an undated letter

from the INS that he had applied in the wrong category.[3] This letter was sent to petitioner at 1138 West Hill Road, Flint, Michigan 48507.

On June 19, 2000, the INS issued an NTA charging that petitioner was ineligible for admission to the United States because he was not in possession of a valid entry document at the time of his application for admission. The NTA was sent to petitioner at the Bristol Road address. The NTA provided that the date and time of petitioner's removal hearing was "to be set" and contained the notation "CC: Attorney." The NTA also stated that petitioner was required to "notify the Immigration Court" of any change of his address by using a Form EOIR-33. On June 26, 2000, petitioner's then-attorney, K. Fred Ajluni, sent a letter to the INS in which he advised the INS of petitioner's new address at West Hill Road. The NTA was filed with the Immigration Court on July 3, 2000, listing petitioner's address as the Bristol Road address.

The Immigration Court sent a notice of hearing dated July 5, 2000 to petitioner at the Bristol Road address requiring him to appear for a removal hearing on November 21, 2000. The notice was not sent to Mr. Ajluni because he did not enter an appearance as counsel before the Immigration Court. The notice was returned to the Immigration Court on July 17, 2000, with the notation "forward time exp rtn to send," petitioner's name, an address of "1138 W Hill Road," and an illegible city, state, and postal code on the envelope. Petitioner did not appear for the hearing before the Immigration Judge on November 21, 2000, and he

---

[3]This EAD application is not contained in the Joint Appendix; however, the responsive letter from the INS refers to his application on March 3, 1999.

was ordered removed *in absentia*. The removal order was sent to petitioner at the Bristol Road address and returned with the notation "forwarding time exp" on the envelope.

Almost two years after the removal hearing, on September 18, 2002, petitioner filed a motion to re-open his proceedings before the Immigration Court. On October 15, 2002, the Immigration Judge denied the motion to re-open because, as the INS argued, petitioner did not advise the Immigration Court of a change of address and his counsel failed to file a notice of appearance. The INS also noted that two years had elapsed since the petitioner's Immigration Court hearing and he and his counsel were obligated to stay informed of his removal proceedings.

Petitioner timely appealed the Immigration Judge's decision to the BIA. On February 24, 2004, the BIA dismissed the petitioner's appeal and concluded that the Immigration Court properly sent the notice of hearing to the address last known to the Immigration Court. The petitioner filed a timely petition for review from the BIA's decision.

## II.

This court reviews the BIA's decision on a motion to re-open for an abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 323 (1992); *Beltran v. INS*, 332 F.3d 407, 410 (6th Cir. 2003). Review of an *in absentia* order is confined to (i) the validity of the notice provided to the alien, (ii) the reasons for the alien's not attending the proceeding, and (iii) whether or not the alien is removable. 8 U.S.C. § 1229a(b)(5)(D) (1999). The validity of the notice provided to petitioner is at issue in this case.

The Immigration and Nationality Act requires that written notice of removal proceedings (the NTA) be provided to the alien by personal service or service by mail to the alien or to the alien's counsel of record. 8 U.S.C. § 1229(a)(1) (1999). Among other requirements, the NTA must advise the alien that he "must provide the Attorney General immediately with a written record of any change of the alien's address or telephone number." 8 U.S.C. § 1229(a)(1)(F)(ii) (1999). Service of the NTA by mail is deemed sufficient if there is proof of attempted delivery to the last address provided by the alien in accordance with § 1229(a)(1)(F). 8 U.S.C. § 1229(c) (1999).

An *in absentia* removal order may be entered if the agency proves "by clear unequivocal, and convincing evidence that the written notice [required by section 1229(a)] was so provided and that the alien is removable." 8 U.S.C. § 1229a(b)(5)(A) (1999). The written notice shall be considered sufficient for purposes of an *in absentia* order if provided at the most recent address provided under § 1229(a)(1)(F). *Id.* An *in absentia* order may be rescinded if the alien demonstrates that he did not receive notice in accordance with § 1229(a). 8 U.S.C. § 1229a(b)(5)(C) (1999).

The record reflects that the NTA was sent to petitioner's incorrect address and that his attorney promptly notified the INS of petitioner's new address. Petitioner's attorney admittedly received the NTA and the respondent is partially correct in asserting that the notice obligation of § 1229(a)(1) was satisfied by sending the NTA to petitioner's attorney, even if the petitioner himself did not receive the notice. However, the NTA did not contain a date or time for the removal hearing; instead, the date was "to be set." The NTA was

5

therefore incomplete and notice of the time and place must still be provided to the petitioner or his attorney. 8 U.S.C. § 1229(a)(1)(G) (1999). The record further reflects that neither petitioner nor his attorney received the July 5, 2000 notice of hearing from the Immigration Court, the only notice that complied with the statutory requirement that petitioner receive notice of time and place.

Jurisdiction vests with the Immigration Court when the NTA is filed with the court. 8 C.F.R. § 1003.14(a) (2004). Thus, in this case, the Immigration Court obtained jurisdiction over petitioner's case on July 3, 2000. Accordingly, petitioner argues that his attorney's June 26, 2000 letter was sufficient to satisfy his obligation under § 1229(a)(1)(F) and the INS is at fault for not providing the correct address to the Immigration Court.

Respondent argues that petitioner was obligated to notify the Immigration Court as well as the INS of his correct address as set forth in the NTA. Respondent points out that the INS and the Immigration Court are separate agencies. We note, however, that the statute only requires the alien to provide "the Attorney General" with notice of a change in address. 8 U.S.C. § 1229(a)(1)(F) (1999). As we have previously held, the notice requirement of § 1229(a)(1)(F) was "not intended to be an overly burdensome requirement." *Beltran v. INS*, 332 F.3d 407, 413 (6th Cir. 2003).

This issue is governed by our decision in *Beltran*, 332 F.3d 407 (6th Cir. 2003). In *Beltran*, the alien moved to re-open his case after the Immigration Court entered an *in absentia* order of deportation. Beltran filed an EOIR-33 form notifying the agency of his change in address prior to a remand hearing ordered by the BIA. Beltran then moved again

and his representative from a legal services organization sent a letter to the INS notifying it of his new address. The notice of hearing was sent to Beltran's outdated address and he did not appear at the hearing. *Id*. at 409. The INS held that the letter from his representative was not sufficient notice pursuant to § 1229(a)(1)(F)(ii) as it was not on a Form EOIR-33 and filed with the Immigration Court. *Id*. at 410. On appeal, this court reversed the BIA's decision and concluded that the INS's notice requirement was not a reasonable interpretation of the statute because it added additional requirements not contemplated by Congress. *Id*. at 412. Specifically, the court held that the notice requirement of § 1229(a)(1)(F) was "not intended to be an overly burdensome requirement" and that written notice of a change of address satisfies the statute. *Id*. at 413.

Respondent attempts to distinguish *Beltran* by suggesting that the *Beltran* petitioner filed his notice of his change of address with the INS before the hearing notice was mailed to him. Respondent contends there is nothing in this case to show that the INS was aware of petitioner's new address prior to the hearing notice on July 5, 2000. This assertion is plainly incorrect inasmuch as the record contains his attorney's June 26, 2000 letter advising the agency of petitioner's West Hill Road address. Respondent's attempt to distinguish *Beltran* is not persuasive.

Our analysis of the statute is confirmed by a BIA ruling in a case where the alien did not receive the NTA and it was returned to the INS. *In re G-Y-R-*, 23 I. & N. Dec. 181, 2001 WL 1515819 (BIA Oct. 19, 2001). The BIA analyzed the requirements of § 1229(a)(1)(F) and concluded that, "[i]f, however, we know that the alien did not receive the Notice to

7

Appear and the notice of hearing it contains, then the alien cannot be on notice of either removal proceedings or the address obligations particular to removal proceedings. In that instance, the address used by the Service cannot qualify as a section 239(a)(1)(F) address, and the entry of an in absentia order is precluded." *Id*. at 190. The present record reflects that the INS had evidence that petitioner did not receive the NTA and neither he nor his attorney received the notice of hearing.

In the present case, the petitioner's attorney provided written notice to the INS of the petitioner's correct address prior to the initiation of the Immigration Court proceedings. Thus, the petitioner satisfied his obligations under § 1229(a)(1)(F). We emphasize that it is the agency's burden to show by "clear, unequivocal, and convincing evidence" that the petitioner received notice of the removal proceedings as required by the statute. 8 U.S.C. § 1229a(b)(5)(A) (1999). The agency has not met that burden in this case.

While there is no explanation as to why petitioner or his attorney did not inquire with the Immigration Court as to the status of his case for nearly two years, that delay is not fatal to his claim. Section 1229a(b)(5)(C)(ii) provides that a motion to re-open may be filed at any time if the alien demonstrates that he did not receive proper notice as required by § 1229(a).

Therefore, upon review of the record and the authorities cited herein, the BIA's decision was an abuse of discretion inasmuch as the petitioner's motion to set aside the *in absentia* order of deportation should have been granted because he did not receive notice of the hearing.

III.

For all the reasons discussed above, we **REVERSE** the decision of the BIA and **REMAND** this cause to the Immigration Court with instructions to grant petitioner's motion to re-open his deportation hearing.