ASAN, Petitioner,

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,** Respondent.

No. 05–0773–ag.

United States Court of Appeals, Second Circuit.

Oct. 17, 2007.

Asan, pro se, Elmhurst, NY, for Petitioner.

Melissa A. Swauger, Assistant United States Attorney, for Thomas A. Marino, United States Attorney for the Middle District of Pennsylvania, Harrisburg, PA, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Asan, a native and citizen of Indonesia, petitions for review of the January 26, 2005 decision of the BIA affirming the April 13, 2004 decision of Immigration Judge ("IJ") William F. Jankun denying Petitioner's motion to reopen his removal proceedings. *In re Asan,* No. A96 263 161 (B.I.A. Jan. 26, 2005), *aff'g* No. A96 263 161 (Immig. Ct. N.Y. City Apr. 13, 2004). We assume the parties' familiarity with the facts of this case, its procedural posture, and the decision below.

An alien may be ordered removed *in absentia* if he fails to appear at a scheduled hearing and the Bureau of Citizenship and Immigration Services provides clear, unequivocal, and convincing evidence that the alien received written notice of the hearing and that the alien is removable. 8 U.S.C. § 1229a(b)(5)(A). An *in absentia* order may only be rescinded if (1) the alien files a motion to reopen within 180 days of the order of deportation and sets forth exceptional circumstances justifying his failure to appear, or (2) demonstrates that he did not receive proper notice of the deportation hearing. 8 U.S.C. § 1229a(b)(5)(C); *see also Song Jin Wu v. INS,* 436 F.3d 157, 160 (2d Cir.2006).

The BIA has held that a failure to provide a new address to the court does not automatically subject an alien to an *in absentia* order. *Matter of G–Y–R–,* 23 I. & N. Dec. 181, 190 (B.I.A.2001). Three key facts, however, distinguish this case from *G–Y–R–.* First, when he was issued his Notice to Appear, Petitioner was not only warned about the consequences of failing to appear for his hearing, but he also was expressly told that he must provide a new address to the court if he changed his address. Second, Petitioner was properly served with notice of his changed hearing date through his attorney, *see* 8 C.F.R. § 1003.13, whom he failed to notify about his changed address. *See Song Jin Wu,* 436 F.3d at 162 ("There is no evidence that delivery was improper or that nondelivery was not due to [Petitioner's] failure to provide his correct address. Thus, [Petitioner] failed to rebut the presumption of proper notice" arising from service upon counsel of record.) (internal citation omitted). Finally, Petitioner has not provided any reason for his failure to notify either the court or his attorney of his temporary address.

Under the circumstances, we find that he has demonstrated neither that he did not receive proper notice nor that his failure to appear was justified by extraordinary circumstances. He was therefore subject to an *in absentia* removal order, and the petition for review is therefore DENIED.