Celia Maria **ELMQUIST**, Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 05–72043.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Jan. 28, 2008.

Nicholas W. Marchi, Esq., Carney & Marchi, PS, Seattle, WA, for Petitioner.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, S. Nicole Nardone, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Celia Maria Elmquist, a native and citizen of Brazil, petitions for review of an order of the Board of Immigration Appeals affirming without opinion an immigration judge's ("IJ") order denying her motion to reopen removal proceedings in which she was ordered removed in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252, and deny the petition for review.

Reviewing for abuse of discretion, *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002), we conclude that the IJ acted within his discretion in denying Elmquist's motion to reopen, because she does not dispute that her hearing notice was delivered to the correct address. The circumstances that led Elmquist to miss her removal hearing are attributable to subsequent "internal workings of the household," *Matter of G–Y–R–,* 23 I. & N. Dec. 181, 189 (BIA 2001) (en banc), including Elmquist's admitted failure to go through the mail in a timely fashion.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

We also conclude that in these circumstances the IJ did not violate Elmquist's due process rights by failing to consider her pending application for relief in determining whether the hearing notice was properly served. *See Luta v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) ("To prevail on a due process challenge ... [a petitioner] must show error and substantial prejudice.").

We grant Elmquist's motion to file her untimely reply brief. The Clerk shall file the brief received on November 28, 2005.

**PETITION FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.