[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 22, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11146
Non-Argument Calendar

_____

Agency No. A72-363-854

VICTOR TYRONE BELLE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(October 22, 2008)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Victor Tyrone Belle, a Barbados national, petitions for review of the Bureau of Immigration Appeals ("BIA") order dismissing his appeal of denial of his motion to reopen his proceedings on account of lack of notice. Belle argues that notice should have been sent to a Pennsylvania address, which was known to the Department of Homeland Security ("DHS")[1] through its use in his other immigration matters, instead of the Georgia address he listed in his application for adjustment of status.

I.

In this case, the BIA did not expressly adopt the decision of the Immigration Judge ("IJ"). Therefore, we review only the BIA's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review the BIA's denial of a petitioner's motion to reopen for abuse of discretion. Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006). "In this area, the BIA's discretion is quite broad. Gbaya v. U.S. Att'y Gen., 342 F.3d 1219, 1220 (11th Cir. 2003) (internal quotations omitted). Our review here "is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Ali, 443 F.3d at 808 (internal quotation omitted).

Pursuant to 8 U.S.C. § 1229(a)(1), "written notice . . . shall be given in

---

[1] Some of the actions in this case were taken by the Immigration & Naturalization Service before it was abolished and replaced by DHS.

person to an alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any) . . . ." 8 U.S.C. § 1229(a)(1). The written notice must contain, among other things, a statement requiring the alien to provide a written record of an address and telephone number and any change in the address and telephone number to the Attorney General at which he may be contacted regarding the removal proceedings, the time and place at which the proceedings will be held, and the consequences of failing to appear. Id. § 1229(a)(1)(F)(i)-(iii), (G)(i)-(ii).  Any change or postponement in the time and place of the proceedings must also be by written notice.  Id. § 1229(a)(2).

An alien has an affirmative duty to provide DHS with written notification of a change in address within ten days of the change.  8 U.S.C. § 1305(a).  The regulations require the change of address to be reported on a Form AR-11. 8 C.F.R. § 265.1.  The regulations also require the alien to provide written notice of a change of address on Form EOIR-33 to the Immigration Court where the charging document has been filed.  8 C.F.R. § 1003.15(d).

A removable alien, who has been provided sufficient written notice of the proceedings pursuant to § 1229(a)(1) or (2), and who does not attend a proceeding under this section, shall be ordered removed in absentia. 8 U.S.C. § 1229a(b)(5)(A).  Written notice "shall be considered sufficient for purposes of this subparagraph if provided at the most recent address provided

3

under section 1229(a)(1)(F) of this title." Id. Further, no notice is required if the alien failed to provide an address as required under section 1229(a)(1)(F). Id. § 1229a(b)(B). "Service by mail . . . shall be sufficient if there is proof of attempted delivery to the last address provided by the alien in accordance with subsection (a)(1)(F) . . . ." Id. § 1229(c).

An in absentia order may be rescinded upon: (1) "a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances," or (2) "a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title or the alien demonstrates that the alien was in Federal or State custody and the failure to appear was through no fault of the alien." 8 U.S.C. § 1229a(b)(5)(C); see 8 C.F.R. § 1003.23(b)(4)(ii). A motion to reopen must "be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B).

In Dominguez v. United States Att'y Gen., 284 F.3d 1258, 1260-61 (11th Cir. 2002), we held that "[t]he statute clearly provides that notice to the alien at the most recent address provided by the alien is sufficient notice, and that there can be an in absentia removal after such notice." We concluded that "[f]ailing to provide the [DHS] with a change of address will preclude the alien from claiming that the [DHS] did not provide him or her with notice of a hearing."

4

Id. (noting that the alien had provided no proof that a handwritten notation of her alleged current address was made part of her file).

In re G-Y-R-, 23 I. & N. Dec. 181, 182 (BIA 2001), the alien undisputedly did not receive the notice to appear ("NTA") because it was returned by the postal service. When the alien failed to appear, the IJ terminated the proceedings without prejudice. Id. On the Government's appeal, the BIA concluded that notice sent to an address provided by the alien six years prior to the date of the NTA to appear did not satisfy the statutory notice requirements and reasoned:

> If the alien actually receive[d] or <u>can be charged with receiving</u> [the NTA], then the address used by the Service qualifies as a section [1229(a)(1)(F)] address, and in absentia proceedings are . . . authorized. If, however, we know that the alien did not receive the [NTA] and the notice of hearing it contains, then the alien cannot be on notice of either removal proceedings or the address obligations particular to removal proceedings. In that instance, the address used by the Service cannot qualify as a section [1229(a)(1)(F)] address, and the entry of an in absentia order is precluded.

Id. at 189-90 (emphasis added) (involving time period when use of certified mail was required).

Under 8 U.S.C. §§ 1305(a), 1229, Belle's last known address for purposes of the removal proceedings was his Georgia address. Because service by mailing the notice to appear and notice of hearing to this last known address was a statutorily authorized method of service and reasonably calculated to ensure proper notice, and because Belle failed to appear at the scheduled hearing, the IJ was authorized

5

to proceed <u>in absentia</u> and order his removal under 8 U.S.C. § 1229a(b)(5)(A). Since the notice to appear was mailed to his last known address and he failed to provide the DHS or the Immigration Court with a change of address, Belle was precluded from claiming that officials did not provide him with notice of a hearing. Thus, Belle could not demonstrate that he did not receive notice in accordance with paragraph (1) or (2) of 8 U.S.C. § 1229(a).  Therefore, BIA did not abuse its discretion in dismissing Belle's appeal in accordance with 8 U.S.C. § 1229a(b)(5)(C).

Belle's petition for review is, accordingly,

DENIED.