

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2009

# Patil v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2845

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Patil v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1204.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1204

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 08-2845

————————

HIREN PATIL,
                              Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,
                              Respondent

————————

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A98-177-088)
Immigration Judge:  Honorable Henry S. Dogin

————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 27, 2009

Before:   AMBRO, FISHER and JORDAN, Circuit Judges

(Opinion filed: June 10, 2009)

————————

OPINION

————————

PER CURIAM

        Petitioner Hiren Patil seeks review of a final decision by the Board of Immigration

Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ") to deny his

motion to reopen his removal proceedings and dismissing his appeal. For the reasons that follow, we will grant the petition for review.

## I. Background

Patil, a native and citizen of India, entered the United States without inspection in September 2005. He was apprehended in Tacoma, Washington and was served with a notice to appear.[1] Patil retained counsel in Washington and was released from custody upon payment of a $5,000.00 bond. After his release, Patil informed the Department of Homeland Security ("DHS") that he would be living at the home of a friend, Paras Naik, at an address in Lodi, New Jersey. Venue was changed to New Jersey, and Patil's Washington counsel withdrew from the case. A removal hearing was scheduled. A notice of hearing dated February 23, 2006, was mailed to Patil, in care of Mr. Naik, at the Lodi, New Jersey address. Patil failed to appear for the hearing. The IJ entered an order of removal in absentia on March 21, 2006.

Patil retained new counsel, and on June 29, 2006, filed a motion to reopen the removal proceedings, claiming that he did not receive notice of the hearing. He submitted a sworn affidavit attesting that he had moved away from Mr. Naik's address and that "[n]o notice was ever sent to the home of Paras Naik in Lodi, New Jersey." See A.R. 24. Patil also attested that his former counsel neither received notice of the hearing nor informed Patil that he was required to provide an updated address to DHS. Id. Patil

_____

[1] The notice to appear indicated that the removal hearing would take place at a date and time "to be set." A.R. 113.

2

requested that the removal order be rescinded pursuant to INA § 240(b)(5)(C) [8 U.S.C. § 1229a(b)(5)(C)].

The IJ denied Patil's motion. The IJ held that the court was not required to provide notice to Patil's current address, because Patil did not update his address with DHS. Nor was the court required to provide notice to Patil's former attorney, because the attorney had withdrawn as counsel of record. The IJ also speculated that, because the notice of hearing was not returned to the court as undeliverable mail, it may have been forwarded to Patil's current address. The IJ concluded that Patil's affidavit stating that he did not receive notice of the hearing was insufficient to overcome the presumption that mail is delivered. The IJ also rejected Patil's argument that the notice to appear was required to be provided in Patil's native language.

Patil appealed the IJ's decision. In a May 28, 2008 decision, the BIA dismissed the appeal. This petition for review followed.

## II. Analysis

We will review the denial of Patil's motion to reopen for abuse of discretion. See Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001). Thus, to succeed on his petition for review, Patil must show that the BIA's decision was arbitrary, irrational, or contrary to law. See Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994).

The notice of hearing indicates that it was sent via regular mail to Patil, in care of Mr. Naik, at the Lodi, New Jersey address. See A.R. 172. Patil admits that this is the last address he provided to DHS. See INA § 239(c) [8 U.S.C. § 1229(c)] ("Service by mail

3

under this section shall be sufficient if there is proof of attempted delivery to the last address provided by the alien. . . .").  Patil claims that, although he no longer resided with Mr. Naik and failed to provide DHS with his current address, he continued to receive mail at Mr. Naik's address.  Although the notice was not returned as undeliverable, Patil claims he did not receive the notice of hearing.  Patil claims that, in his motion to reopen, he provided sufficient evidence of non-receipt, and as a result, he should be entitled to rescission of the in absentia removal order for failure to receive notice.[2]  See INA § 240(b)(5)(C)(ii) [8 U.S.C. § 1229a(b)(5)(C)(ii)].

Ordinary mail that is properly sent is presumed to be received by the addressee. Santana-Gonzalez v. Att'y Gen., 506 F.3d 274, 278 (3d Cir. 2007).  However, an individual may rebut that presumption by producing sufficient contrary evidence, such as a sworn affidavit supported by circumstantial evidence corroborating the claim of non-receipt.  See id. at 280.  The BIA concluded that Patil failed to present evidence sufficient to rebut the presumption of receipt.

Patil first contends that the BIA erroneously applied the stronger presumption of effective service by certified mail, rather than the weaker presumption associated with regular mail set forth in Santana-Gonzales.  However, the BIA specifically enumerated the weaker presumption associated with regular mail, and relied upon Santana-Gonzales

---

[2] Although Patil also argues that his failure to appear should be excused due to "exceptional circumstances" under INA § 240(b)(5)(C)(i) [8 U.S.C. § 1229a(b)(5)(C)(i)], his arguments are limited to his alleged lack of notice and he does not describe any exceptional circumstance as defined in INA § 240(e)(1) [8 U.S.C. § 1229a(e)(1)].

in assessing the sufficiency of Patil's evidence in support of his motion to reopen. Thus, it appears that the BIA applied the correct <u>Santana-Gonzales</u> presumption in Patil's case.

However, in deciding a motion to reopen based on non-receipt of a hearing notice, the BIA must consider <u>all</u> of the relevant evidence. <u>See</u> <u>Matter of M-R-A-</u>, 24 I&N Dec. 665, 674 (B.I.A. 2008). The BIA failed to do so in this case. The BIA's decision did not address Patil's $5,000.00 bond payment, which demonstrates additional incentive for Patil to attend his hearing. In addition, the BIA did not consider Patil's diligence in obtaining counsel and pursuing a remedy upon discovering that the <u>in</u> <u>absentia</u> order had been entered. The BIA has indicated that this is a significant factor to be considered in the determination of a motion to reopen based on non-receipt of a notice. <u>See</u> <u>Matter of M-R-A-</u>, 21 I&N Dec. at 676 ("[W]e consider a significant factor to be the respondent's due diligence in promptly seeking to redress the situation by obtaining counsel and requesting reopening of the proceedings."). Because the BIA did not consider all of Patil's relevant evidence, we must conclude that it abused its discretion.[3]

Patil next contends that the BIA improperly engaged in factfinding when it stated that it had been "asked to find by circumstantial evidence that Mr. Naik did not receive the respondent's notice of Hearing without direct evidence provided by Mr. Naik." Patil

---

[3] The BIA found that "[t]he respondent also does not have a history of prior appearances." Because Patil's removal hearing was his first opportunity to appear, this factor should not weigh either for or against Patil's claim of non-receipt. <u>See</u> <u>Matter of M-R-A-</u>, 24 I&N Dec. at 674 (IJ may consider previous attendance at immigration hearings, "if applicable").

argues that this "factfinding" is not only improper, but also irrelevant because the sole issue is whether <u>Patil</u> received notice of his removal hearing.

First, the BIA's acknowledgment that the record contains no direct evidence from Mr. Naik does not indicate improper factfinding. Second, the issue is not irrelevant to Patil's claim that he did not receive the notice. Indeed, Patil raised the issue by attesting – without direct evidence in support – that Mr. Naik did not receive the notice on Patil's behalf. <u>See</u> A.R. 24. Indeed, the BIA appears to be contemplating whether there was sufficient circumstantial evidence to support Patil's statement, particularly given the fact that Patil provided no evidence of any recent exchanges with Mr. Naik concerning collection of Patil's mail. Third, the BIA did not, and we need not, reach the implicit question raised by Patil's statement that Mr. Naik did not receive the notice: whether, where an individual has designated an agent to receive mail on his behalf, receipt of the notice by the agent can be properly charged directly to the individual for notice purposes. <u>See</u> <u>In re G-Y-R-</u>, 23 I&N Dec. 181, 189 (B.I.A. 2001) ("If, for example, the Notice to Appear reaches the correct address but does not reach the alien through some failure in the internal workings of the household, the alien can be charged with receiving proper notice, and proper service will have been effected.").

Finally, Patil vaguely claims that the denial of his motion to reopen was so arbitrary and capricious as to violate his Fifth Amendment right to due process. Generally, constitutional claims are beyond the BIA's jurisdiction and not subject to the exhaustion requirement. <u>Bonhometre v. Gonzales</u>, 414 F.3d 442, 448 n.7 (3d Cir. 2005).

6

However, there is an exception for claims that could have been corrected by the BIA. Khan v. Att'y Gen., 448 F.3d 226, 236 n.8 (3d Cir. 2006). Here, Patil contends that the IJ's allegedly arbitrary and capricious denial of his motion to reopen amounted to a violation of his right to due process of law. This is a "claim of procedural error that could have been addressed by the BIA on appeal." Id. Patil failed to exhaust his due process claim because he did not raise it in his appeal to the BIA. We are therefore precluded from reviewing it. INA § 242(d)(1) [8 U.S.C. § 1252(d)(1)].

## III. Conclusion

Because we have concluded that the BIA abused its discretion by failing to consider the totality of the evidence supporting Patil's claim that he did not receive notice of his removal hearing, we will grant the petition for review and remand this matter to the BIA for further proceedings consistent with this opinion.