08-4494-ag
Zheng v. Holder

BIA
Bukszpan, IJ
A070 902 071

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of June, two thousand ten.

PRESENT:

> REENA RAGGI,
> RICHARD C. WESLEY,
> PETER W. HALL,
>      *Circuit Judges*.

————————————————————————————————

SHENGJIN ZHENG,
>      *Petitioner*,

>      v.                                    08-4494-ag
>                                            NAC

ERIC H. HOLDER, JR.,[1] U.S. ATTORNEY
GENERAL,
>      *Respondent*.

————————————————————————————————

FOR PETITIONER:          Scott E. Bratton, Margaret Wong & Associates Co., LPA, Cleveland, Ohio.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR RESPONDENT:** Michael F. Hertz, Acting Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Susan Bennett Green, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Shengjin Zheng, a native and citizen of China, seeks review of the August 13, 2008 order of the BIA (1) affirming the May 16, 2007 decision of Immigration Judge ("IJ") Joanna M. Bukszpan denying his motion to reopen removal proceedings, and (2) denying his motion to remand. *In re Shengjin Zheng*, No. A070 902 071 (B.I.A. Aug. 13, 2008), *aff'g* No. A070 902 071 (Immig. Ct. N.Y. City May 16, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the BIA's denial of a motion to reopen or remand for abuse of discretion. *See Sanusi v. Gonzales*, 445 F.3d 193, 200-01

2

(2d Cir. 2006); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005).

## I. Motion To Reopen

The BIA dismissed Zheng's appeal, affirming both the IJ's determination that Zheng's motion was untimely and her discretionary denial of his motion to reopen. Because the motion to reopen Zheng's *in absentia* order was based on new evidence, we apply the general standards governing motions to reopen. *See* 8 C.F.R. §§ 1003.2(c), 1003.23(b); *see generally Grigous v. Gonzales,* 460 F.3d 156, 160 (1st Cir. 2006).[2] Under those standards, we agree that Zheng's motion to reopen, filed nearly ten years after entry of the *in absentia* order of removal, was untimely. *See* 8 C.F.R. § 1003.2(c)(2) (requiring that motion to reopen be filed within 90 days of date of final administrative decision).

There are no time or number limitations for filing a

---

[2] The BIA erred in concluding that Zheng's motion to reopen was untimely under the deadline requirements set forth in 8 U.S.C. § 1229a(b)(5)(C). That statute applies to an alien's motion to rescind an *in absentia* order. Nevertheless, remand based on this error would be futile because Zheng's motion was untimely pursuant to the general motion to reopen deadlines set forth in 8 C.F.R. §§ 1003.2(c) and 1003.23(b). *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006) (finding that remand is futile only when reviewing court can "confidently predict" that IJ would reach same decision absent relevant errors).

3

motion to reopen where the motion is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). The BIA, however, properly concluded that Zheng failed to demonstrate that his motion satisfied the requirements of this exception. As in *Matter of J-W-S-*, 24 I. & N. Dec. 185 (BIA 2007), and *Matter of S-Y-G-*, 24 I. & N. Dec. 247 (BIA 2007), the BIA considered the 2006 U.S. State Department Country Conditions Report and various administrative decisions issued to Chinese couples who violated the family planning policy but determined that such evidence was insufficient to establish material changed country conditions or a reasonable possibility of persecution, *see Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). On this record, we cannot conclude that the BIA abused its discretion in affirming the IJ's denial of Zheng's untimely motion to reopen.[3]

---

[3] We need not consider Zheng's argument that the BIA erred in failing to consider his fear that he will face a significant fine if he returns to China, as the argument is unexhausted. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007).

4

## II. Motion to Remand

Under 8 U.S.C. § 1229a, "[a]ny alien who, after written notice . . . has been provided to the alien or the alien's counsel of record, does not attend a proceeding under this section, shall be ordered removed *in absentia* if the [government] establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable." 8 U.S.C. § 1229a(b)(5)(A). Generally, "[s]uch an order may be rescinded only . . . upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i).

In denying Zheng's motion to remand, the BIA noted that (1) the motion was untimely, as it was filed more than 180 days after the IJ's *in absentia* order; and (2) Zheng failed to explain why he did not appear for his October 1997 merits hearing. This reasoning manifests no abuse of discretion. *See* 8 U.S.C. § 1229a(b)(5)(C)(i); *see also Alrefae v. Chertoff,* 471 F.3d 353, 358-59 (2d Cir. 2006). Nevertheless, Zheng argues that denial of his motion to remand was improper under *Matter of G-Y-R-*, 23 I. & N. Dec.

5

181 (BIA 2001), because he did not receive proper notice of his merits hearing. *See* 8 C.F.R. § 1003.23(b)(4)(ii) (permitting *in absentia* order of removal to be rescinded upon motion to reopen at any time, so long as alien demonstrates he did not receive proper notice). We are not persuaded.

In April 1997, the agency sent a notice to appear ("NTA") to Zheng via certified mail using an address that he provided on his asylum application approximately one month earlier, and there is no evidence in the record that Zheng did not receive that NTA. *See Alrefae*, 471 F.3d at 359 (noting that because sending NTA by certified mail and providing proof of attempted delivery create presumption of effective service, alien seeking relief from *in absentia* removal order on ground that he did not receive notice must "present[] substantial and probative evidence such as documentary evidence from the Postal Service, third party affidavits, or other similar evidence demonstrating that there was improper delivery" (internal quotation marks omitted)). Zheng's hearing date was thereafter twice changed, prompting two additional NTAs to be mailed to the same address. Zheng asserts that he never received these later NTAs and that he had moved from the address provided.

6

The April 1997 NTA, however, advised Zheng of his obligation to "notify the Immigration Court immediately . . . whenever [he] change[d] [his] address" and warned that the failure to do so would relieve the government of its duty to provide him with written notice. April 15, 1997 Notice to Appear at 2. In light of these facts and Zheng's failure to adduce any evidence indicating that he notified the government of his purported change of address, we identify no abuse of discretion in the BIA's rejection of Zheng's notice defense to his failure to appear at his merits hearing.

Zheng's assertion that the BIA erred in denying his motion to remand by finding him ineligible for adjustment of status is similarly unavailing. The BIA did not reach the issue of Zheng's eligibility for adjustment of status because Zheng offered no explanation for his failure to present his application for adjustment to the IJ. In these circumstances, the BIA's denial of the motion for remand was not an abuse of discretion. *See* 8 C.F.R. § 1003.2(c)(1) (noting that motion to reopen shall not be granted unless evidence sought to be offered was unavailable and could not have been presented at former hearing).

**III.    Conclusion**

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk