# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 7, 2011

Lyle W. Cayce
Clerk

No. 10-60532
Summary Calendar

MUI MOOI CHONG; MEE SIN LIEW; GRAMERCY VOON SHEN LIEW;
FERRANSSY VOON WUI LIEW,

Petitioners

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A079 500 230
BIA No. A079 500 231
BIA No. A098 707 380
BIA No. A098 864 039

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mui Mooi Chong (Chong), Mee Sin Liew (Mee), Gramercy Voon Shen Liew (Gramercy) and Ferranssy (Ferranssy) Voon Wui Liew (petitioners), all citizens of Malaysia, petition for review of the order of the Board of Immigration Appeals (BIA) dismissing their appeal from the order of the immigration judge (IJ)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denying their motion to reopen their removal proceedings. The petitioners failed to appear for their removal hearing and were ordered removed in absentia on October 1, 2007. The petitioners argue that the IJ and the BIA erred in denying their motion to reopen because they did not receive copies of the Notices to Appear or removal hearing notices, which were sent to an address where the petitioners were not living and had never lived.

This court may review the IJ's findings and conclusions if the BIA adopts them. *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002). Here, because the BIA adopted the IJ's decision and expressed its opinion on some issues, this court may review the decisions of the BIA and the IJ. *Id.* This court reviews the denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). The BIA's decision must be upheld as long as it is not "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (internal quotation marks and citation omitted).

Petitioners argue that reopening was warranted because they could not be charged with receiving the notices under *Matter of G-Y-R*, 23 I. & N. Dec. 181 (BIA 2001), which held that an alien cannot be removed in absentia if he has not received notice of his statutory obligation to provide a current address for use in the removal proceedings. The petitioners argue that this information is contained in the Notice to Appear and that they did not receive that mailing.

Pursuant to statute, a Notice to Appear or notice of a change in time or place of removal proceedings should be personally served on the alien or, if personal service is not practicable, by mail to the alien or his counsel of record. 8 U.S.C. § 1229(a)(1) and (2). Any alien who fails to appear at a removal proceeding shall be ordered removed in absentia if the Government establishes

. . . that the alien is removable and that the alien, or the alien's counsel of record, was provided written notice as required by statute. § 1229a(b)(5)(A).

An alien may file a motion to reopen to rescind an in absentia order of removal if he is able to demonstrate that he did not receive notice of a removal proceeding. § 1229a(b)(5)(C)(ii). However, the lack of notice does not automatically entitle an alien to a rescission order. *Gomez-Palacios v. Holder*, 560 F.3d 354, 360 (5th Cir. 2009). If the alien fails to receive notice because he neglects his obligation to keep the immigration service apprised of his current address, he may not be entitled to rescind the order. *Id.*

In *Matter of G-Y-R,* 23 I. & N. Dec. 181, 185 (BIA 2001), the BIA determined that an IJ is precluded from entering an in absentia order of removal if an alien has not received the Notice to Appear advising him of his statutory obligation to provide contact information to immigration officials. However, the BIA also recognized that an alien may be "charged" with receiving constructive notice in certain circumstances even if the alien did not actually review the notice.

Chong filed the sole affidavit in support of the motion to reopen, stating that the petitioners were not served with a Notice to Appear or a notice that the removal hearing was scheduled. Although there is no evidence that the petitioners actually received the Notices to Appear or were advised of their statutory obligation to provide an address to immigration officials, other circumstances in the instant case support the finding of the IJ and the BIA that the petitioners should be charged with notice of the proceedings.

Chong's affidavit reflects that the petitioners were aware that immigration officials had been provided with an incorrect address for all of the petitioners in the applications filed in August 2005. Despite the absence of any further communication from immigration officials after receiving an initial receipt of the filing of the applications, the petitioners took no action to notify the CIS of their actual location until filing the motion to reopen in January 2009. Although

No. 10-60532

Chong averred that she had spoken to other counsel in 2007, she does not report that any particular action was taken to determine the status of the administrative applications, that the petitioners had filed any other applications, or that they had sent any correspondence to immigration officials inquiring about their status during the interim period.   Chong did not provide any information showing that the petitioners had any incentive to appear for a removal hearing.   Rather, the inaction of the petitioners indicates that the petitioners were attempting to avoid the removal proceedings.

The petitioners failed to provide the affidavit of Wang, their counsel who allegedly provided the Phillips St. address to immigration officials, stating whether he had received any further notices from immigration officials.   The absence of the affidavits of Chong's husband and children establishing their place of residence at the relevant times and averring that they had not received any notices in the case also undermined the validity of their allegations.

Based on all the relevant evidence in the record, the petitioners have not overcome the presumption of delivery of the notices sent by regular mail.   *See Matter of M-R-A*, 24 I. & N. Dec. 665, 674 (BIA 2008).   The substantial evidence in the record supports the determination that the petitioners had constructive notice of the mailings and that the IJ did not err in entering the in absentia order of removal.   The denial of the motion to reopen was not an arbitrary or capricious decision.   The petition for review is DENIED.