# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 27, 2012

Lyle W. Cayce
Clerk

No. 12-60273
Summary Calendar

JAYESH KANTIBAHI PATEL, also known as Purishottam Girdharlal Patel,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A074 585 665

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jayesh Kantibahi Patel, a native and citizen of India, seeks a petition for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge's denial of his motion to reopen the proceedings in order to rescind his 1996 *in absentia* order of deportation or, alternatively, to adjust status. The BIA's decision is reviewed for an abuse of discretion. *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Patel argues that the BIA should have granted his motion to reopen to rescind the 1996 in absentia deportation order because he never received notice of the deportation hearing.  However, substantial evidence supports the BIA's finding that Patel received personal written and oral notice of the scheduled hearing, that the notice advised Patel of the consequences of his failure to appear, and thus, that the notice was sufficient.  *See* 8 U.S.C. §§ 1252b(c)(1) and (c)(3) (repealed Sept. 30, 1996); *In re G-Y-R-*, 23 I. & N. Dec. 181, 186 (BIA 2001). Accordingly, the BIA did not abuse its discretion in affirming the denial of the motion to reopen to rescind the 1996 *in absentia* deportation order.  *See Kane v. Holder*, 581 F.3d 231, 236 (5th Cir. 2009); *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006).

Patel does not challenge the BIA's conclusion that he did not comply with the procedural requirements necessary to perfect his ineffective assistance of counsel claim or its conclusion that an exceptional circumstances argument based on his ineffective assistance of counsel claim was untimely.  He has, thus, abandoned those issues in his petition for review.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Additionally, Patel contends that the BIA erred in upholding the denial of his motion to reopen to adjust status based on relief that was not previously available, specifically, his wife's recently approved status as a lawful permanent resident.  He does not challenge the BIA's determination that the motion to reopen to adjust status was untimely under 8 C.F.R. § 1003.23 and has, thus, abandoned the timeliness issue.  *See id.*  Given that Patel cannot demonstrate that his motion was timely, he cannot argue that the BIA should have exercised its discretion to grant his motion to reopen to adjust his status.  *See In re Velarde-Pacheco*, 23 I. & N. Dec. 253 (BIA 2002).  The BIA did not abuse its discretion in affirming the denial of the motion as untimely.  *See Kane*, 581 F.3d at 236; *Singh*, 436 F.3d at 487; § 1003.23.

Accordingly, Patel's petition for review is DENIED.