RAWLINSON, Circuit Judge, dissenting:
I respectfully dissent. Applying an abuse of discretion standard of review, I would deny the petition.
*1007 When ruling on a motion to reopen immigration proceedings, the Board of Immigration Appeals (BIA) abuses its discretion if it acts in an arbitrary or irrational fashion, renders a decision that is contrary to governing law, or neglects to give a reasoned explanation for its decision. See Movsisian v. Ashcroft, 395 F.3d 1095, 1098 (9th Cir.2005).
The majority accuses the BIA of “discounting] Petitioner’s unrefuted claim without providing a reason.” Majority Opinion, p. 1003. Yet, two pages later, the majority articulates two reasons given by the BIA for its decision. See id., p. 1004. In any event, there was nothing irrational or arbitrary about placing the burden upon Petitioner of providing written notice of her address to the immigration authorities. Indeed, as the majority acknowledges, there is a regulation that so provides. See Majority Opinion, p. 1004 (referencing 8 C.F.R. § 1003.15(d)(1)). Although the majority concludes that the regulation has no place in our analysis of this case, I disagree. In any event, the BIA could not act arbitrarily or irrationally by imposing an obligation that has been memorialized in a regulation. For the same reason, the decision of the BIA was not contrary to governing law. Finally, the BIA gave a reasoned explanation for its ruling. Cf. Movsisian, 395 F.3d at 1098 (“Here the BIA denied Movsisian’s motion to reopen stating in toto: ‘The respondent’s motion to reopen is denied.... ’ ”).
Nevertheless, the majority determines that the BIA abused its discretion, relying primarily on the Petitioner’s assertion that during an interview with Border Patrol agents, she verbally provided a new address to the agents.[1] Rather than sending the NTA to the address verbally provided by Petitioner, the Department of Homeland Security sent the notice to the address that was in the agency files. It is this occurrence that the majority relies upon to support its conclusion that the BIA abused its discretion when it denied Petitioner’s motion to reopen.
In my view, the majority’s analysis ignores the Petitioner’s obligation to provide her current address to the agency in writing, and absolved her of the obligation to provide an address in writing upon service of the NTA. These requirements are fatal to Petitioner’s case.
As the majority notes, 8 U.S.C. § 1229(a)(1)(F)® provides that the alien must, upon service of the NTA “provide (or have provided) the Attorney General with a written record of an address ... at which the alien may be contacted respecting [removal] proceedings ...” (emphasis added). The wisdom of requiring a written record of the address is demonstrated by the inconclusive he said-she said nature of the dispute in this case. It is undisputed that the petitioner failed to provide a written record of the address that she maintains should have been used.
I am also persuaded that when petitioner received the NTA which contained an incorrect address, it was incumbent upon her to notify the agency of her correct address. As the majority acknowledges, the NTA contains a warning that the alien is “required to provide the DHS, in writing with [her] full mailing address and telephone number ...” Majority Opinion, p. 1005 n. 2 (emphasis added). The majority also confirms that 8 C.F.R. § 1003.15(d)(1) provides that if the address *1008 on the NTA is incorrect, it is the alien’s obligation to provide a correct address. See id., p. 1004. Nevertheless, the majority absolves Petitioner of her obligation for two reasons: 1) the BIA did not rely on the regulation in rendering its decision, and 2) the NTA did not adequately inform Petitioner of her obligation to correct the address. See Majority Opinion, pp. 1004-06.
I am not persuaded to join the absolution. That the BIA did not cite the regulation in its decision does not constitute an abuse of discretion. Rather, our focus is on whether the decision was contrary to governing law. See Movsisian, 395 F.3d at 1098.[2] It was not. The NTA warns that the recipient must provide the DHS, in writing, the recipient’s mailing address. If the mailing address noted on the NTA is incorrect, the direction to provide the address in writing should resonate even more strongly with the recipient. In addition, I do not agree that the BIA failed to invoke the logic of the regulation in its decision. The BIA decision noted that Petitioner was “on notice through the [invalid] address on the NTA and the advisal included with it that she had a duty to notify the Immigration Court of her current address .... ” (emphasis added). The decision also reasoned that “it was incumbent on [Petitioner] to ensure that a correct address was supplied to the Immigration Court after she was personally served with the [NTA] containing the aforementioned advisal____” There would be no reason for the decision to refer to notifying the Immigration Court of a current address and to supplying a correct address unless the BIA was referring to the non-current and incorrect address on the NTA. Because this reference reflects the requirements of the regulation, there was no abuse of discretion. See Movsisian, 395 F.3d at 1098) (holding that the BIA abuses its discretion when it acts contrary to the law). Indeed, as the majority concedes, the governing regulation “fits the situation here.... ” Majority Opinion, p. 1004. Because the regulation fits, the BIA decision could not be contrary to it, and no abuse of discretion determination can rationally be predicated on that premise.
Finally, I disagree with the majority’s reliance on In re G-Y-R-, 23 I. & N. Dec. 181 (BIA 2001) (en banc) to absolve Petitioner of her obligation to provide, in writing, her current address to the agency. That case involved a different circumstance, notably a complete failure to serve the NTA upon the alien. In that circumstance, the BIA ruled that an alien may not be removed in absentia
when the Service mails the [NTA] to the last address it has on file for an alien, but the record reflects that the alien did not receive the [NTA], and the notice of hearing it contains, and therefore has never been notified of the initiation of removal proceedings or the alien’s address obligations under ... the Act____
Id. at 192.
In contrast to the facts in G-Y-R-, it is unquestioned that Petitioner received the NTA and the notice of hearing notifying her of the removal proceedings and of her obligation to notify the agency, in writing, *1009 of her current address. G-Y-R- simply does not support a determination that the BIA abused its discretion in denying Petitioner’s motion to reopen.
Because the BIA did not act in an arbitrary or irrational fashion, rule contrary to law, or neglect to give a reasoned explanation for its decision, the denial of the motion to reopen did not constitute an abuse of discretion. See Movsisian, 395 F.3d at 1098. I would deny the petition for review.

. Characterizing this interview as "the outset of [Petitioner’s] removal proceedings,” is somewhat hyperbolic. We all know that removal proceedings commence with the filing of a Notice to Appear (NTA). See Samayoa-Martinez v. Holder, 558 F.3d 897, 901-02 (9th Cir.2009).

. For the same reason, I disagree with the majority’s rejection of the government’s citation to the alternative ruling in Hamazaspyan v. Holder, 590 F.3d 744, 746 n. 3 (9th Cir. 2009). The majority takes the position that because the BIA did not explicitly quote the governing regulation or case authority, Petitioner’s lack of compliance with the regulation must be excused. However, our review is of the "grounds” upon which the BIA made its decision. See Vargas-Hernandez v. Gonzales, 497 F.3d 919, 921-22 (9th Cir.2007). And it is unquestioned that the "ground” upon which the BIA based its decision was Petitioner's failure to give the notice as required by law.