**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SARINGH HEYBECYAN, | No. 13-70127 |
| Petitioner, | Agency No. A088-102-629 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 10, 2015**
Pasadena, California

Before: GOULD and BERZON, Circuit Judges, and ZOUHARY,*** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Jack Zouhary, District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

Saringh[1] Heybecyan seeks review of the BIA's denial of her motion to reopen immigration proceedings.

The BIA's decision is reviewed for an abuse of discretion. *Sembiring v. Gonzales*, 499 F.3d 981, 985 (9th Cir. 2007). "The BIA abuses its discretion when it acts arbitrarily, irrationally or contrary to the law." *Id.* (internal alterations omitted) (quoting *Movsisian v. Gonzales*, 395 F.3d 1095, 1098 (9th Cir. 2007)).

Heybecyan maintains the BIA abused its discretion by denying her motion to reopen because she did not receive notice of the hearing in which an immigration judge ordered her removed. She contends the immigration court did not send notice to the proper address.

We disagree. The immigration court sent the notice of hearing to the "mailing" address Heybecyan provided. Notice sent to an alien's "most recent address" is "sufficient" under the Immigration and Nationality Act, *see* 8 U.S.C. § 1229a(b)(5)(A); 8 C.F.R. § 1208.2(c)(3)(ii), and also satisfies due process, *see Popa v. Holder*, 571 F.3d 890, 897–98 (9th Cir. 2009). Heybecyan has not challenged the presumption of effective delivery. *See Salta v. INS*, 314 F.3d 1076 (9th Cir. 2002).

_____

[1]In many of the record documents, Heybecyan's first name is spelled "Sarineh." Because, however, this appeal is titled *Saringh Heybecyan v. Lynch*, we use the latter spelling.

Although Heybecyan may not have *actually* received notice, in these circumstances she is charged with having constructively done so. *See Popa*, 571 F.3d at 897–98; *In re G-Y-R-*, 23 I. & N. Dec. 181, 189 (BIA 2001). She was advised of her responsibility to keep the immigration court apprised of her address. *See* 8 U.S.C. § 1229(a)(1)(F), (c). She has not challenged as ineffective the assistance of Shirak Khojayan, the non-attorney representative who appears to have provided the immigration court with Heybecyan's mailing address. Nor does she dispute that she did not file a change of address form or otherwise notify the immigration court that the mailing address Khojayan provided on her behalf was incorrect. Accordingly, we conclude that the BIA's decision to deny Heybecyan's motion to reopen was not arbitrary, irrational, or contrary to law.

**PETITION DENIED.**