**Maria Teresa Valenzuela GARCIA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70835.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 2006.

Filed May 8, 2006.

---

Before: BRIGHT,* PREGERSON, and McKEOWN, Circuit Judges.

## MEMORANDUM **

On April 18, 2001, Petitioner Maria Teresa Valenzuela Garcia filed an application with the INS to adjust her status based on her husband's approved alien worker petition. While at an adjustment interview, Petitioner learned that she had been ordered removed *in absentia* on January 20, 1998, because she failed to appear at a hearing to review an asylum application. Petitioner learned that a notario, who she had previously consulted on an unrelated matter, had prepared and filed an asylum application in her name in 1997 without her knowledge or consent. Aside from the name and birth date listed on the asylum application, none of the application's remaining information belonged to Petitioner; the application did not contain Petitioner's signature, photograph, family history, or address. Petitioner filed a timely motion to reopen to explain that she did not receive notice of the hearing because it was not sent to her address (which is no surprise because the address on the asylum application was not hers). Along with her motion to reopen, Petitioner attached her application to adjust her status, which contained her signature, photograph, family history, and proper address. An Immigration Judge ("IJ") denied Petitioner's motion.

We review for abuse of discretion the BIA's decision to deny Petitioner's motion to reopen and rescind its *in absentia* removal order. *See Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir.2000). The BIA abuses its discretion when it acts " 'arbitrarily, irrationally, or contrary to law.'" *Chete Juarez v. Ashcroft*, 376 F.3d 944, 947 (9th Cir.2004) (quoting *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000)). The due process requirement of a full and fair hearing in removal proceedings mandates that the BIA review all relevant evidence submitted on appeal. *See Larita–Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir.2000). An *in absentia* order may be rescinded if the alien demonstrates that she did not receive notice of the removal hearing. *See Salta v. INS*, 314 F.3d 1076, 1078 (9th Cir.2002); *see also* 8 U.S.C. § 1229a(b)(5)(C). There is a strong presumption of service when a notice to appear is sent by certified mail. *See In re Grijalva*, 21 I & N Dec. 27, 1995 WL 314388 (BIA 1995). We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition for review.

The application for adjustment of status that Petitioner attached to her motion to

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

reopen raises a clear and significant doubt that she received notice of the in absentia removal order because the order was sent to the address on the asylum application, not to Petitioner's address. The critical information contained in the application adequately rebuts the presumption of effective delivery, *see Grijalva*, 21 I & N Dec. at 37, and the Government has not shown that Petitioner received notice of the absentia removal order by any other means. Accordingly, the BIA acted arbitrarily and contrary to law, and consequently abused its discretion, when it denied Petitioner's motion to reopen. *See Chete Juarez*, 376 F.3d at 947. The panel will retain jurisdiction over any subsequent appeal in this case.

PETITION GRANTED.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.