**FILED**

JUL 6 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



JUAN MANUEL JAIME FRANCO,

    Petitioner,

 v.

JEFFERSON B. SESSIONS III, Attorney General,

    Respondent.

No. 15-71484

Agency No. A076-378-250

ORDER

Before:  SCHROEDER and M. SMITH, Circuit Judges, and CHEN,** District Judge.

  Respondent's motion to amend the memorandum disposition is granted.  The memorandum disposition filed May 29, 2018, is amended to appear as filed concurrently with this Order.  No future petitions for rehearing will be entertained.

---

  **  The Honorable Edward M. Chen, United States District Judge for the Northern District of California, sitting by designation.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 6 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JUAN MANUEL JAIME FRANCO,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.  15-71484<br><br>Agency No. A076-378-250<br><br>AMENDED MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 12, 2018
Pasadena, California

Before:  SCHROEDER and M. SMITH, Circuit Judges, and CHEN,[**] District Judge.

Petitioner was ordered removed *in absentia*.  His motion to reopen, asserting

he did not receive notice of the hearing, was denied by the Immigration Judge

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Edward M. Chen, United States District Judge for the Northern District of California, sitting by designation.

("IJ") and the Board of Immigration Appeals ("BIA"). We grant the petition for review and remand for further proceedings.

In September 1997, an asylum application was filed for Franco. According to Franco's declaration, the application was filed without Franco's knowledge or permission by a notary named Edward Lopez. Franco mistakenly believed that Lopez was an attorney who could help him obtain a work permit. Franco asserts the Los Angeles address on the application was actually Lopez's business address, not Franco's residence. He now concedes (after declaring to the contrary) that he signed the application, though he claims he did not know he was signing an asylum application.

In January 1998, legacy INS sent Franco a Notice to Appear ("NTA") by certified mail, ordering him to appear before an IJ in March 1998. The return receipt shows that the NTA was delivered to the Los Angeles address. The recipient's name is not noted on the receipt, and the recipient's signature is not Franco's. Franco states that he did not receive the NTA and that Lopez never informed him of the NTA. Franco did not appear for his hearing. He was ordered removed *in absentia*. He was arrested and removed in November 1998.

In January 2014, Franco moved to reopen and rescind the removal order based on lack of notice. The IJ denied the motion, and the BIA affirmed. The BIA's decision was based on the following: (1) Franco failed to show that he did

not receive the NTA, and the IJ reasonably doubted the veracity of Franco's declaration stating otherwise; (2) Franco could be charged with receipt of the NTA, because it was sent to the Los Angeles address listed on the asylum application and the mail was signed as received; (3) Franco failed to rebut certified mail's presumption of proper service, because he presented no evidence that delivery was improper or not attempted; and (4) to the extent the motion was based on exceptional circumstances, it was untimely. Franco timely appealed.

1. As to actual notice, we review the IJ's reasoning which was adopted by the BIA. *See Siong v. INS*, 376 F.3d 1030, 1036 (9th Cir. 2004). The IJ erred in refusing to credit Franco's declaration that he did not receive the NTA. The IJ cannot discredit a declaration on a motion to reopen simply because it is "self-serving" or "unsupported." *Bhasin v. Gonzales*, 423 F.3d 977, 986-87 (9th Cir. 2005). "We have long held that credibility determinations on motions to reopen are inappropriate." *Id.* at 986 (citing *Ghadessi v. INS*, 797 F.2d 804, 806 (9th Cir. 1986)). Instead, "facts presented in affidavits supporting a motion to reopen must be accepted as true unless inherently unbelievable." *Id.* at 987 (citing *Limsico v. INS*, 951 F.2d 210, 213 (9th Cir. 1991)). Franco's denial of actual notice was not inherently unbelievable. Victimization of immigrants by notaries is not uncommon. *See, e.g.*, *Lopez v. INS*, 184 F.3d 1097, 1098-99 (9th Cir. 1999); *Garcia v. Gonzales*, 179 F. App'x 417, 418 (9th Cir. 2006). Moreover, the NTA

was sent to a business address, not Lopez's residence, and the signature on the return receipt is clearly not Franco's. Franco's admission that he signed the asylum application (after first declaring to the contrary) does not render his entire declaration inherently unbelievable. *See Shouchen Yang v. Lynch*, 822 F.3d 504, 508 (9th Cir. 2016).

2.     As to constructive notice, the BIA erred in holding that Franco could be charged with receipt of the NTA because the NTA was mailed to the address listed on the asylum application. The presumption of delivery of regular mail and certified mail "presume[s] that postal officers properly discharge their duties." *Salta v. INS*, 314 F.3d 1076, 1079 (9th Cir. 2002). The presumption of delivery to the specified address does not include a presumption that the address is correct. *See Singh v. Gonzales*, 412 F.3d 1117, 1122 (9th Cir. 2005) (although NTA was mailed to alien's former address, he could not be charged with constructive notice, because he had not been instructed to keep his address updated nor informed of the removal consequences of failing to do so). That the address was provided in the asylum application does not establish constructive notice. *See id.* at 1122 (alien could not be charged with constructive notice of NTA mailed to his former address, even though he had provided the address in an asylum application); *cf. In re G-Y-R-*, 23 I. & N. Dec. 181, 190 (B.I.A. 2001) (alien's failure to report his change of address under alien-registration requirements of "section 265 and its

4                                                                    15-71484

surrounding provisions may incur various penalties, [but] the entry of an in absentia order of removal is not one of them").

3. No relevant statutory presumption applies. Under both 8 U.S.C. §§ 1229a(b)(5)(A) and 1229(c), written notice is sufficient when sent to an (a)(1)(F) address, but an (a)(1)(F) address is one requested by the NTA itself. *See* § 1229(a)(1); *Matter of M-R-A-*, 24 I. & N. Dec. 665, 674 ("[W]hen a respondent is served with a Notice to Appear, it specifically informs him of the affirmative duty under section 239(a)(1)(F) of the Act to update his address with the DHS in writing . . . ."). An initial NTA cannot, by definition, be sent to an (a)(1)(F) address. *See Singh*, 412 F.3d at 1121-22 (presumption supplied by § 1229a(b)(5)(A) did not apply because the alien never received the NTA); *In re G-Y-R-*, 23 I. & N. Dec. at 187 ("[T]he alien must receive the Notice to Appear before he or she can 'provide' an address in accordance with section 239(a)(1)(F) of the Act."); *cf. Chaidez v. Gonzales*, 486 F.3d 1079, 1081, 1084 (9th Cir. 2007) (higher standard for showing alien's receipt of initial charging documents in deportation proceedings was justified, because aliens lack notice that they will receive initial documents at a particular address, unlike later-sent notices).

4. As to the BIA's holding that Franco's assertion of exceptional circumstances as an independent basis for the motion to reopen was untimely,

5                                                           15-71484

Franco declined to pursue that claim on appeal. He therefore waived any challenge to the untimeliness determination.

For the foregoing reasons, we **GRANT** the petition for review and **REMAND** to the BIA with instructions to remand to the IJ to grant Franco's motion to reopen and rescind the March 1998 *in absentia* removal order entered against him.