NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE LUIS FLORES-NAJERA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    19-71487

Agency No. A200-626-511

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 8, 2020[**]

Before:    TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Jose Luis Flores-Najera, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his motion to reopen removal

proceedings conducted in absentia.  We have jurisdiction under 8 U.S.C. § 1252.

We review for abuse of discretion the denial of a motion to reopen and review de

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

novo claims of due process violations. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying the motion to reopen, where Flores-Najera did not establish lack of notice because the notice of hearing was properly delivered to the address he provided to the immigration court. *See* 8 U.S.C. §§ 1229a(b)(5)(C), 1229(c); *see also Matter of G-Y-R-*, 23 I. & N. Dec. 181, 189 (BIA 2001) (where notice "reaches the correct address but does not reach the alien through some failure in the internal workings of the household, the alien can be charged with receiving proper notice, and proper service will have been effected").

The IJ applied the correct standard to determine that the notice of hearing being misplaced within the household is not an exceptional circumstance that would excuse Flores-Najera's failure to appear. *See* 8 U.S.C. § 1229a(b)(5)(C), (e)(1) (exceptional circumstances are those beyond the control of the alien); *Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir. 1997) (no exceptional circumstance where the notice of hearing was mailed to the last known address and where receipt was acknowledged "by someone at that address").

To the extent Flores-Najera contends that the IJ lacked jurisdiction over proceedings because of an incomplete notice to appear, that argument is foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (notice to

appear need not include time and date of hearing to vest jurisdiction in the immigration court). To the extent Flores-Najera is arguing that the incomplete notice to appear deprived him of adequate notice of the hearing at which he was later ordered removed, that argument is unsupported by the record because the subsequent notices included the date and time of the hearings.

The agency did not err or demonstrate bias by denying the motion despite the absence of an opposition. *See Limsico v. INS*, 951 F.2d 210, 213 (9th Cir. 1991) (BIA has authority to deny unopposed motions to reopen); *see also Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

**PETITION FOR REVIEW DENIED.**